**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Patricia Manuszak and Debra Wisniewski, Co-Personal Representatives of the Estate of Terrence Edward Manuszak, | ) ) ) ) | |
| Plaintiffs, | ) ) | COMPLAINT FOR NEGLIGENCE (MEDICAL MALPRACTICE) |
| v. | ) ) ) | AND WRONGFUL DEATH AND SUPPLEMENTAL STATE CLAIMS |
| United States of America, Stuart Lipnick, MD and Johan Nordenstam, MD, | ) ) ) | **JURY DEMANDED** |
| Defendants. | ) ) | |

## JURISDICTION AND VENUE

1. This court has jurisdiction under and by virtue of 28 U.S.C. Section 1346 (b) of the Federal Tort Claims Act, and 38 U.S.C. Section 7316 entitled Veterans' Benefits in that occurrences alleged herein occurred at the Department of Veterans Affairs Jesse Brown VA Medical Center, Chicago, Illinois and were caused by the negligence of health care employees, independent contractors and/or agents of the Department of Veterans Affairs Jesse Brown VA Medical Center, Chicago, Illinois. This court also has jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. Section 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. Plaintiff, Patricia Manuszak, the wife of Terrence Edward Manuszak, deceased, and Debra Wisniewski, daughter of Terrence Edward Manuszak, deceased, are the Co-Personal Representatives of his estate and residents of LaPorte and Porter Counties, Indiana.

4. At all times mentioned herein, Defendant, United States of America, by and through the Department of Veterans Affairs Jesse Brown VA Medical Center, Cook County, Illinois, employed staff as employees, independent contractors and/or agents including health care personnel.

5. At all times mentioned herein, Defendants, Stuart Lipnick, MD, of Department of Veterans Affairs Jesse Brown VA Medical Center and the University of Illinois Hospital & Health Sciences System, Cook County, Illinois and Johan Nordenstam, MD of the University of Illinois Hospital & Health Sciences System, Cook County, Illinois, were caring for and attending to the decedent while he was a patient at Department of Veterans Affairs Jesse Brown VA Medical Center and the University of Illinois Hospital & Health Sciences System.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6. On or about October 3, 2018, Terrence Manuszak, age 74, had surgery to remove a rectal tumor at the Department of Veterans Affairs Jesse Brown VA Medical Center ("Jesse Brown"). The surgery was performed by defendant Dr. Johan Nordenstam ("Nordenstam").

7. Immediately post-operatively, and thereafter, Mr. Manuszak experienced an inordinate amount of pain and was nauseous. No action was taken to determine the source of his symptoms. Mr. Manuszak was followed post-operatively by defendants Nordenstam and Attending Surgeon, Dr. Stuart Lipnick ("Lipnick").

8. On the evening of October 7, 2018, Mr. Manuszak vomited after dinner, his abdomen was distended, and he then experienced respiratory distress.

9. Multiple x-rays over the course of the evening of the 7th and early morning of the 8th showed significant abnormalities in the gastric area. Numerous attempts were made to insert

a nasogastric tube, including two attempts using endoscopy. These attempts were unsuccessful in adequately decompressing the overly distended stomach. These are classic signs and symptoms associated with acute gastric volvulus and should have been recognized as such at that time.

10. In addition, the second endoscopy clearly showed evidence of gastric ischemia, which is a surgical emergency requiring immediate surgery. However, Mr. Manuszak did not receive surgery. Instead, he decompensated further as a result of ensuing sepsis.

11. In the late evening of October 8, 2018, approximately 9 hours after the diagnosis of gastric ischemia was made, Mr. Manuszak was transferred to University of Illinois Hospital & Health Sciences System ("University of Illinois") for laparoscopic surgery. A laparotomy could not be performed at Jesse Brown because the operating rooms were unavailable because renovations were being performed.

12. By the time Mr. Manuszak was transferred to University of Illinois, he was moribund and not salvageable, and he died shortly thereafter, on October 9, 2018 at 2:05 am. The cause of death was Gastric Volvulus with ischemia and black necrotic mucosa extending to the gastroesophageal junction.

13. Jesse Brown and University of Illinois are immediately adjacent and connected to one another.

14. Mr. Manuszak's death and considerable pain and suffering was a direct result of Jesse Brown's employees, independent contractors and/or agents and doctors Nordenstam and Lipnick's failure to diagnose and treat his gastric volvulus in a timely fashion and Jesse Brown's failure to provide the necessary and essential resources to care for surgical patients including Mr. Manuszak.

15. On February 20, 2019, Plaintiff, Patricia Manuszak filed a FTCA Claim for Damage, Injury, or Death with the Office of Regional Counsel, Department of Veterans Affairs in Hines, Illinois.

16. In a letter dated April 2, 2019, the Office of General Counsel, Department of Veterans Affairs acknowledged receipt of Administrative Tort Claim: GCL 407896.

17. Six months has lapsed, and Plaintiffs have not received any communication from the Department of Veterans Affairs regarding a denial of this claim.

## COUNT I
## PLAINTIFFS AGAINST DEFENDANT UNITED STATES
## OF AMERICA FOR NEGLIGENCE

18. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

19. On or before October 3, 2018, and all times relevant to this action, Jesse Brown employed staff as employees, independent contractors and/or agents who were health care personnel including those engaged in the profession of medical doctors, licensed to practice medicine in the state of Illinois, and other personnel.

20. On or before October 3, 2018, and all times relevant to this action, Jesse Brown was a hospital in which medical doctors from non-VA facilities, licensed to practice medicine in the state of Illinois, practiced medicine.

21. On or before October 3, 2018, and all times relevant to this action, Nordenstam and Lipnick were engaged in the profession of medical doctors, licensed to practice medicine in the state of Illinois, and were practicing medicine at Jesse Brown and University of Illinois.

22. On or before October 3, 2018, and all times relevant to this action, Jesse Brown and its employees, independent contractors and/or agents including Nordenstam and Lipnick

held themselves out and otherwise informed veterans and their families that they possessed the requisite skills, competence, facilities and know-how to properly care for their patients.

23. On or before October 3, 2018, and thereafter, Plaintiffs' decedent, Terrence Manuszak entrusted himself to the care of Jesse Brown and its employees, independent contractors and/or agents including doctors practicing medicine there.

24. On or before October 3, 2018, and thereafter, Jesse Brown's employees, independent contractors and/or agents including doctors practicing medicine there owed a duty to render medical care in a reasonable manner, so as not to create an unreasonable risk of injury and harm to their patients, including Plaintiffs' decedent, Terrence Manuszak.

25. On or before October 3, 2018, and thereafter, the Department of Veterans Affairs Jesse Brown VA Medical Center owed a duty to provide the necessary and essential resources to care for surgical patients including Plaintiffs' decedent, Terrence Manuszak.

26. After assuming the care of the Plaintiffs' decedent, this Defendant, by and through its' health care employees, non-health care employees, independent contractors and/or agents including doctors practicing medicine at its facility were then and there guilty of acting negligently in connection with his care and treatment.

These negligent acts or omissions include, but are not limited to:

    a. permitting Plaintiffs' decedent to develop acute gastric volvulus;

    b. failing to prevent Plaintiffs' decedent from developing acute gastric volvulus;

    c. failing to properly examine Plaintiffs' decedent;

    d. failing to properly diagnose Plaintiffs' decedent's acute gastric volvulus;

    e. failing to timely diagnose Plaintiffs' decedent's acute gastric volvulus;

      f.      failing to treat Plaintiffs' decedent's acute gastric volvulus;

      g.      failing to treat Plaintiffs' decedent's acute gastric volvulus in a timely fashion;

      h.      failing to render appropriate medical treatment;

      i.      failing to provide the necessary and essential resources to care for surgical patients;

      j.      failing to transfer Plaintiffs' decedent to another facility in a timely manner;

      k.      failing to properly monitor Plaintiffs' decedent's condition;

      l.      failing to arrange for other qualified persons to examine and treat Plaintiffs' decedent;

      m.      failing to adequately supervise and/or instruct other health care personnel;

      n.      failing to meet the standard of care for Plaintiffs' decedent; and

      o.      was otherwise careless and negligent.

27.    That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, Plaintiffs' decedent was injured, both internally and externally. He was caused to and did undergo great pain and suffering, and physical disfigurement and impairment, all of which injuries were permanent; and he was unable to attend to his ordinary affairs and duties. Plaintiffs have become liable for large sums of money for funeral and other expenses.

## COUNT II
## PLAINTIFFS AGAINST DEFENDANT UNITED STATES OF AMERICA FOR WRONGFUL DEATH

28. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) and nineteen (19) through twenty-six (26) hereat as though fully set forth at this place.

29. That as a direct and proximate result of one or more of the aforementioned wrongful acts or omissions of this Defendant, Plaintiffs' decedent was then and there injured, both internally and externally, which caused or contributed to his death on or about October 9, 2018.

30. That Plaintiffs, Patricia Manuszak and Debra Wisniewski are the Co-Personal Representatives of the Estate of Terrence Edward Manuszak and bring this action on their own behalf and on behalf of the next of kin of Terrence Manuszak pursuant to Illinois law, 740 ILCS 180/1 et seq., commonly known as the Wrongful Death Statute.

31. That the decedent, Terrence Manuszak left surviving his widow, Plaintiff, Patricia Manuszak and his four children, Plaintiff, Debra Wisniewski, Sandra Byrd, Timothy Manuszak and Jeffrey Manuszak as next of kin who have sustained great personal and pecuniary losses as a result of Terrence Manuszak's death.

32. By reason of the wrongful death of Terrence Manuszak, Plaintiffs and Terrence Manuszak's children and next of kin have been permanently deprived of his love, affection, companionship, and society.

33. By reason of the wrongful death of Terrence Manuszak, Plaintiffs and Terrence Manuszak's children and next of kin have experienced and continue to experience grief, sorrow and mental suffering.

34. That the Plaintiffs, Patricia Manuszak and Debra Wisniewski as the Co-Personal Representatives of the Estate of Terrence Edward Manuszak, on behalf of themselves and the next of kin seek an award of damages and costs as a result of the wrongful death of the decedent,

Terrence Manuszak under 740 ILCS 180/1 et seq., commonly known as the Wrongful Death Statute.

**COUNT III**
**PLAINTIFFS AGAINST DEFENDANTS JOHAN NORDENSTAM, MD AND STAURT LIPNICK, MD FOR NEGLIGENCE**

35. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

36. On or before October 3, 2018, and all times relevant to this action, Defendants, Nordenstam and Lipnick were engaged in the profession of medical doctors, licensed to practice medicine in the state of Illinois, and were practicing medicine at the Department of Veterans Affairs Jesse Brown VA Medical Center and University of Illinois Hospital & Health Sciences System.

37. On or before October 3, 2018, and all times relevant to this action, Defendants, Nordenstam and Lipnick held themselves out and otherwise informed veterans and their families that they possessed the requisite skills, competence, facilities and know-how to properly care for their patients.

38. On or before October 3, 2018, and thereafter, Plaintiffs' decedent, Terrence Manuszak entrusted himself to the care of Nordenstam and Lipnick.

39. On or before October 3, 2018, and thereafter, Nordenstam and Lipnick owed a duty to render medical care in a reasonable manner, so as not to create an unreasonable risk of injury and harm to their patients, including Plaintiffs' decedent, Terrence Manuszak.

40. After assuming the care of the Plaintiffs' decedent, Defendants, Nordenstam and Lipnick were then and there guilty of acting negligently in connection with his care and treatment. These negligent acts or omissions include, but are not limited to:

8

    a.    permitting Plaintiffs' decedent to develop acute gastric volvulus;

    b.    failing to prevent Plaintiffs' decedent from developing acute gastric volvulus;

    c.    failing to properly examine Plaintiffs' decedent;

    d.    failing to properly diagnose Plaintiffs' decedent's acute gastric volvulus;

    e.    failing to timely diagnose Plaintiffs' decedent's acute gastric volvulus;

    f.    failing to treat Plaintiffs' decedent's acute gastric volvulus;

    g.    failing to treat Plaintiffs' decedent's acute gastric volvulus in a timely fashion;

    h.    failing to render appropriate medical treatment;

    i.    failing to transfer Plaintiffs' decedent to another facility in a timely manner;

    j.    failing to properly monitor Plaintiffs' decedent's condition;

    k.    failing to arrange for other qualified persons to examine and treat Plaintiffs' decedent;

    l.    failing to adequately supervise and/or instruct other health care personnel;

    m.    failing to meet the standard of care for Plaintiffs' decedent; and

    n.    was otherwise careless and negligent.

41. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of these Defendants, Plaintiffs' decedent was injured, both internally and externally. He was caused to and did undergo great pain and suffering, and physical disfigurement and impairment, all of which injuries were permanent; and he was unable to attend

to his ordinary affairs and duties. Plaintiffs have become liable for large sums of money for funeral and other expenses.

## COUNT IV
## PLAINTIFFS AGAINST DEFENDANTS JOHAN NORDENSTAM, MD AND STAURT LIPNICK, MD FOR WRONGFUL DEATH

42. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) and thirty-six (36) through forty (40) hereat as though fully set forth at this place.

43. That as a direct and proximate result of one or more of the aforementioned wrongful acts or omissions of Defendants Nordenstam and Lipnick, Plaintiffs' decedent was then and there injured, both internally and externally, which caused or contributed to his death on or about October 9, 2018.

44. That Plaintiffs, Patricia Manuszak and Debra Wisniewski are the Co-Personal Representatives of the Estate of Terrence Edward Manuszak and bring this action on their own behalf and on behalf of the next of kin of Terrence Manuszak pursuant to Illinois law, 740 ILCS 180/1 et seq., commonly known as the Wrongful Death Statute.

45. That the decedent, Terrence Manuszak left surviving his widow, Plaintiff, Patricia Manuszak and his four children, Plaintiff, Debra Wisniewski, Sandra Byrd, Timothy Manuszak and Jeffrey Manuszak as next of kin who have sustained great personal and pecuniary losses as a result of Terrence Manuszak's death.

46. By reason of the wrongful death of Terrence Manuszak, Plaintiffs and Terrence Manuszak's children and next of kin have been permanently deprived of his love, affection, companionship, and society.

47. By reason of the wrongful death of Terrence Manuszak, Plaintiffs and Terrence Manuszak's children and next of kin have experienced and continue to experience grief, sorrow and mental suffering.

48. That the Plaintiffs, Patricia Manuszak and Debra Wisniewski as the Co-Personal Representatives of the Estate of Terrence Edward Manuszak, on behalf of themselves and the next of kin seek an award of damages and costs as a result of the wrongful death of the decedent, Terrence Manuszak under 740 ILCS 180/1 et seq., commonly known as the Wrongful Death Statute.

WHEREFORE, the Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, LTD, request judgment against the Defendants as follows:

1. That the Defendants be required to pay Plaintiffs' general damages, including pain and suffering in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages in a sum to be ascertained;

3. That the Defendants be required to pay Plaintiffs costs of the suit herein incurred; and

4. That Plaintiffs have such other and further relief as this Court may deem just and proper.

/s/ Robin A. Grinnalds
Robin A. Grinnalds

ED FOX & ASSOCIATES, LTD
Attorneys for Plaintiff
300 W. Adams St., Suite 330
Chicago, Illinois 60606
(312) 345-8877
rgrinnalds@efoxlaw.com

## PLAINTIFFS REQUEST A TRIAL BY JURY

            /s/  Robin A. Grinnalds
              Robin A. Grinnalds

ED FOX & ASSOCIATES, LTD
Attorneys for Plaintiff
300 W. Adams St.
Suite 330
Chicago, Illinois 60606
(312) 345-8877
rgrinnalds@efoxlaw.com

## DECLARATION OF ROBIN A. GRINNALDS

1. I am the attorney for plaintiffs, Patricia Manuszak and Debra Wisniewski. I know the facts herein to be true of my own personal knowledge. I am filing this declaration pursuant to 735 ILCS 5/2-622 and the laws of the United States of America.

2. I have consulted and reviewed the facts of this case with a health professional who I reasonably believe is knowledgeable in the relevant issues involved in this action, who has practiced at least within the last 6 years in the same area of medicine that is at issue in this action, and who is qualified by experience and demonstrated competence in the subject of this case.

3. The reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in this action that there is a reasonable and meritorious cause for the filing of this action.

4. The written report, attached as Exhibit A to this declaration, is from a qualified physician licensed to practice medicine in all its branches.

5. After reviewing the health professional's report and after consultation with the health professional, I believe and conclude that there is a reasonable and meritorious cause for filing this action against Defendants, the United States of America, by and through the Department of Veterans Affairs Jesse Brown VA Medical Center, Johan Nordenstan, MD and Stuart Lipnick, MD.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct and executed this day, the 16th day of March, 2020. Executed at Cook County, Illinois.

/s/ Robin A. Grinnalds
Robin A. Grinnalds

\

ED FOX & ASSOCIATES, LTD
Attorneys for Plaintiffs
300 W Adams St, Ste 330
Chicago, Illinois 60606
(312) 345-8877
rgrinnalds@efoxlaw.com

\

# EXHIBIT A

## REPORT OF THOMAS J. ESPOSITO, MD, MPH, FACS

1. I am a licensed physician and general surgeon certified by the American Board of Surgery. Except where otherwise stated, I know the facts set forth below to be true of my own personal knowledge. The opinions stated in this report are to a reasonable degree of medical certainty.

2. I have examined the medical records of Terrence Manuszak from Jesse Brown VA Medical Center and the medical records and autopsy report from University of Illinois Hospital & Health Sciences System.

3. The records indicate that Terrence Manuszak was a 74-year-old male who had surgery to remove a rectal tumor on October 3, 2018 at Jesse Brown VA Medical Center. Dr. Johan Nordenstam and Dr. Stuart Lipnick were his physicians. Immediately post-operatively, and thereafter, Mr. Manuszak experienced an inordinate amount of pain and was nauseous. No action was taken to determine the source of his symptoms. On the evening of the 7th, he vomited a small amount after dinner, his abdomen was distended, and he then experienced respiratory distress.

4. The records further indicate that multiple X-rays over the course of the evening of the 7th and early morning of the 8th showed significant abnormalities in the gastric area. Numerous attempts were made to insert an NG tube, including two attempts using endoscopy, without success in adequately decompressing the overly distended stomach. All of these classic signs and symptoms are associated with acute gastric volvulus and should have been recognized as such at that time.

5. Subsequently, Mr. Manuszak decompensated further as a result of ensuing sepsis, presumably from the ischemic stomach. The second endoscopy clearly showed evidence

of gastric ischemia – a surgical emergency requiring immediate surgery. Yet, he was not transferred to the University of Illinois Medical Center until late evening of October 8th, approximately 9 hours after the diagnosis of gastric ischemia was made. A laparotomy could not be performed sooner at Jesse Brown VA Medical Center where operating rooms were unavailable due to renovations being performed, thus representing a failure on the part of the VA Medical Center to provide necessary and essential resources to care for surgical patients. However, by the time he was transferred he was moribund and not salvageable, and he died shortly thereafter. The cause of death was Gastric Volvulus with ischemia and black necrotic mucosa extending to the gastroesophageal junction.

6. After a review of the above referenced records, it is my opinion that the failure of Dr. Nordenstam, Dr. Lipnick and the staff at Jesse Brown VA Medical Center to diagnose and treat Mr. Manuszak's gastric volvulus in a timely fashion led to his death and considerable pain and suffering.

7. After a review of the above referenced records, it is also my opinion that the failure of Jesse Brown VA Medical Center to provide the necessary and essential resources to care for surgical patients directly led to Mr. Manuszak's death.

8. The failure to diagnose and treat Mr. Manuszak in a timely fashion by Dr. Nordenstam, Dr. Lipnick and the staff at Jesse Brown VA Medical Center and Jesse Brown VA Medical Center's failure to provide the necessary and essential resources to care for surgical patients did not meet the standard of care for this patient. Had Dr. Nordenstam, Dr. Lipnick and the staff at Jesse Brown VA Medical Center properly diagnosed and treated him in a timely fashion, he would not have suffered unnecessarily

and more than likely not have died. Further, had Jesse Brown VA Medical Center been able to provide the necessary resources to care for surgical patients, Mr. Manuszak would not have suffered unnecessarily and more than likely not have died.

_____
Thomas J. Esposito, MD, MPH, FACS

3